UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rebecca and Stephen Williams, on
behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                                           Case No. 11-13973

Saxon Mortgage Services, Inc. and      Honorable Sean F. Cox
Ocwen Loan Servicing, LLC,

      Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE
## AND
## ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DISMISS THIS ACTION FOR LACK OF STANDING

Plaintiffs Rebecca and Stephen Williams filed this putative class action on September 12, 2011, "on behalf of themselves and all similarly situated Michigan homeowners who have been wrongfully denied a permanent modification of their mortgages" by Defendant Saxon Mortgage Services, Inc. and/or Defendant Ocwen Loan Servicing, LLC. Plaintiffs' complaint asserts federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs' Class Action Complaint asserts the following counts: Breach of Contract / Breach of Duty of Good Faith and Fair Dealing (Count I); Promissory Estoppel (Count II); "Violation of the Fair Debt Collection Practices Act (Count III); Violation of the Michigan Collection Practices Act (Count IV); and Violation of the Michigan Occupational Code (Count V).

On February 10, 2012, Defendants filed a Motion to Dismiss, asserting that all of Plaintiffs' claims should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a

claim upon which relief may be granted. (Docket Entry No. 10).

On March 23, 2012, Plaintiffs filed a Response Brief opposing the motion, wherein they responded to the grounds for relief raised in Defendants' motion. (D.E. No. 15).

On April 10, 2012, Defendants filed a Reply Brief in support of their Motion to Dismiss. (D.E. No. 17). In that brief Defendants asserted, for the first time, that this action must be dismissed because Plaintiffs lack standing to bring the claims in this action because the claims belong to their Chapter 7 bankruptcy estate.

Thereafter, Plaintiffs filed a Motion to Strike (D.E. No. 18), asking this Court to strike Argument I of Defendants' Reply Brief, set forth on pages one and two, wherein Defendants assert that this action should be dismissed for lack of standing. Plaintiffs contend that the Court should strike that portion of the brief, and the attachments to it concerning Plaintiffs' bankruptcy proceeding, because Defendants raised the standing issue for the first time in a reply brief. Plaintiffs contend that Defendants' actions have "deprived Plaintiffs of an opportunity to oppose this new argument." (*Id*. at 2). Plaintiffs further assert that "[s]hould this Court decide to consider Saxon's new argument, Plaintiffs request that they be given leave to file a sur-reply to Argument I of Saxon's Reply Brief." (*Id.* at 3 n.1). Plaintiffs' motion does not address the merits of the newly raised standing argument, nor does Plaintiffs' supplemental filing on June 8, 2012. (D.E. No. 20).

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that Plaintiffs' Motion to Strike will be decided upon the briefs.

To the extent that Plaintiffs contend that Defendants waived the issue of standing by not raising the issue in their opening brief, the Court disagrees. "Standing is not an affirmative defense that must be raised at risk of forfeiture. Instead, it is a qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court." *Community First Bank v. National Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994)

"Standing to pursue a claim is a threshold question in every federal case." *McGlone v. Bell,* __ F.3d __, 2012 WL 1403233 at *7 (6th Cir. 2012). Article III Standing is treated as an issue of subject matter jurisdiction. *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.").

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). This Court takes its obligation to investigate and police the boundaries of its jurisdiction very seriously, especially considering that a judgment may be vacated at any time, even on appeal, for lack of subject matter jurisdiction. *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988).

This Court generally disfavors the raising of an issue for the first time in a reply brief, because it disadvantages the non-movant in that they are not able to respond to the newly raised argument in writing. But here, given the paramount importance of standing, and the fact that this Court can remedy any disadvantage to Plaintiffs by allowing them to file a sur-reply brief, the Court shall decline to strike Defendants' Reply Brief.

Accordingly, IT IS ORDERED that Plaintiffs' Motion to Strike is DENIED.

IT IS FURTHER ORDERED that, no later than **August 10, 2012**, Plaintiffs shall show cause, in writing, why this action should not be dismissed for lack of standing. Plaintiffs shall file a brief of **no more than five pages** that is devoted exclusively to the standing issue.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: July 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez<br>
Case Manager